UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD K. BROWN, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>SUPERINTENDENT, )<br>)<br>Respondent ) | CAUSE NO. 3:08-CV-305 RM |

OPINION AND ORDER

Donald K. Brown, a *pro se* prisoner, filed a habeas corpus petition challenging his conviction and 50 year sentence handed down by the Vanderburgh Circuit Court on January 18, 1991. Habeas Corpus petitions are subject to a one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute lays out four separate methods for determining when the limitation period begins. Mr. Brown presents no argument that he was physically prevented from filing this petition or that any of his claims are based on a newly recognized constitutional right. Therefore subparagraphs B and C are not at issue in this case. Rather he explains three times: "Newly discovered by Petitioner who has limited knowledge of law and limited access to prison law library in which to research and seek to understand the laws as applied to his case." Petition at 6 and 8. *See also* petition at 10. This explanation is not a basis for applying subparagraph D.

> Owens's approach disregards the language of the statute. He proposes that the year to file a federal petition begins when a prisoner actually understands what legal theories are available. That is not what § 2244(d)(1) says. First, the time commences when the factual predicate "could have been discovered through the exercise of due diligence", not when it was actually discovered by a given prisoner. Second, the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's "factual predicate", not recognition of the facts' legal significance. Most federal statutes of limitations are injury-based. Unlike some state systems, which start the time only when a party knows (or should recognize) that a legal wrong has been done, federal statutes use objective indicators as triggers. Section 2244(d)(1)(D) follows the norm for a federal statute of limitations. Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as Owens's case illustrates. Like most members of street gangs, Owens is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers.

<u>Owens v. Boyd</u>, 235 F.3d 356, 359 (7th Cir. 2000) (citations omitted).

Therefore subparagraph A determines when the limitation period began. Mr.

Brown's direct appeal was denied on October 30, 1991 and the time for seeking a petition to transfer expired 30 days later on November 29, 1991. *See* IND. R. APP. P. 57(C).

> Because this date preceded the April 24, 1996 effective date of the AEDPA, however, Graham had one year from the date of the enactment of the AEDPA, or until April 24, 1997, to file his federal habeas corpus petition.

Graham v. Borgen, 483 F.3d 475, 478 (7th Cir. 2007). Mr. Brown filed a post-conviction relief petition on January 10, 1994. He says it was denied on April 24, 1995 and that he appealed. He also states that he filed a petition to transfer to the Indiana Supreme Court. Unfortunately, Mr. Brown hasn't provided the court with any of the dates pertaining to this appeal. Neither has the court been able to locate them using legal research materials or public records.

For the foregoing reasons, the court:

(1) ORDERS Mr. Brown to supplement his habeas corpus petition with a written explaination (and documentation if available) of when and how his appeal from the April 24, 1995 denial of his post-conviction relief petition was concluded; and

(2) CAUTIONS Mr. Brown that if he does not respond to this order on or before August 14, 2008, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: July  14 , 2008

                                         /s/ Robert L. Miller, Jr.
                                         Chief Judge
                                         United State District Court