UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD K. BROWN,                    )
                                    )
            Petitioner              )
                                    )
      v.                            )          CAUSE NO. 3:08-CV-305 RM
                                    )
SUPERINTENDENT,                     )
                                    )
            Respondent              )

OPINION AND ORDER

Donald K. Brown, a *pro se* prisoner, filed a habeas corpus petition challenging his conviction and 50 year sentence handed down by the Vanderburgh Circuit Court on January 18, 1991. He has now filed a supplement to his habeas corpus petition explaining that he did not appeal the denial of his post-conviction relief petition. As previously explained in this court's order of July 14, 2008, habeas corpus petitions are subject to a one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute lays out four separate methods for determining when the limitation period begins. Mr. Brown presents no argument that he was physically prevented from filing this petition or that any of his claims are based on a newly recognized constitutional right. Therefore subparagraphs B and C are not at issue in this case. In the petition he explained three times: "Newly discovered by Petitioner who has limited knowledge of law and limited access to prison law library in which to research and seek to understand the laws as applied to his case." Petition at 6 and 8. *See also* petition at 10. In his supplement, he further explains that,

> The Defendant did not protest the habitual determination in his post-conviction because he worked within the framework his counsel appealed his conviction and was not aware that there were problems with the habitual phase of the trial until this issue was directed to him by a law library clerk at Michigan City State Prison. This realization birthed the phrase "Newly discovered by Petitioner who has limited knowledge of law."

Supplement at 1, docket # 4 (emphasis omitted). As the court previously explained, this explanation is not a basis for applying subparagraph D.

> Owens's approach disregards the language of the statute. He proposes that the year to file a federal petition begins when a prisoner actually understands what legal theories are available. That is not what § 2244(d)(1) says. First, the time commences when the factual predicate "could have been discovered through the exercise of due diligence", not when it was actually discovered by a given prisoner. Second, the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's "factual predicate", not recognition of the facts' legal significance. Most federal statutes of limitations

are injury-based. Unlike some state systems, which start the time only when a party knows (or should recognize) that a legal wrong has been done, federal statutes use objective indicators as triggers. Section 2244(d)(1)(D) follows the norm for a federal statute of limitations. Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as Owens's case illustrates. Like most members of street gangs, Owens is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers.

Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) (citations omitted). Mr. Brown is merely explaining that he did not understand the legal significance of facts that were available to him. This lack of understanding does not cause the facts to be newly discovered, merely newly understood. Therefore subparagraph D does not apply.

Therefore, subparagraph A determines when the limitation period began. Mr. Brown's direct appeal was denied on October 30, 1991 and the time for seeking a petition to transfer expired 30 days later on November 29, 1991. *See* IND. R. APP. P. 57(C). He filed a post-conviction relief petition on January 10, 1994 and it was denied on April 24, 1995.

Because this date preceded the April 24, 1996 effective date of the AEDPA, however, Graham had one year from the date of the enactment of the AEDPA, or until April 24, 1997, to file his federal habeas corpus petition.

Graham v. Borgen, 483 F.3d 475, 478 (7th Cir. 2007). In his supplement, Mr. Brown explains that he didn't appeal the denial of that post-conviction relief petition. He explains that on various dates after April 3, 2003, he filed other post-conviction relief petitions and motions, but by then the 1-year statute of limitation had lapsed. This petition was filed on June 24,

2008, which is more than eleven years after the April 24, 1997 deadline.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

For the foregoing reasons, the habeas corpus petition is DISMISSED as untimely.

SO ORDERED.

ENTERED: September 12 , 2008

      /s/ Robert L. Miller, Jr.

Chief Judge
United State District Court